PER CURIAM.
Robert Scott, defendant, appeals from a judgment of conviction and sentence for the crimes of attempted burglary of an occupied structure and petit theft.
In his first argument on appeal defendant argues that the Williams[1] rule evidence introduced against him at trial deprived him of his right to due process of law as guaranteed by the United States and Florida Constitutions. Specifically, he argues that the state failed to provide him with adequate notice of its intent to rely on evidence of prior crimes as required by section 90.404(2)(b)(l), Florida Statutes (1995), and that the Williams rule evidence was made the feature of his trial.
The defendant’s first allegation is incorrect. The state filed the required notice of intent to rely on evidence of other crimes on February 26, 1997, more than five weeks before trial began. We have thoroughly reviewed the record and also find that the state’s presentation of the Williams rule evidence did not become the feature of the trial. Accordingly, we affirm the convictions and sentences herein.
In his second argument the defendant suggests that the trial court erred in denying his *192 motion for credit for jail time served. The state properly concedes that this argument is meritorious and that the defendant is entitled to an additional 198 days of credit for time served. Accordingly, we reverse the order of the trial judge denying defendant’s motion for credit for time served. We remand this case with instructions to grant an additional 198 days of credit time served.
Affirmed in part. Reversed in part and remanded "with instructions.

. Williams v. State, 110 So.2d 654 (Fla.1959).